Paxton *et al. v.* The Bacon Mill and Mining Co.

JOHN A. PAXTON ET AL., APPELLANTS, *v.* THE BACON
MILL & MINING CO., RESPONDENTS.

When an association of individuals formed to carry on a certain business, contracts debts, and afterwards the association is converted into a corporation, the same individuals who formed the joint stock association becoming corporators to continue the same business, the corporation may be liable for the debts of the association.

But when a corporation is formed, the capital or incorporate property of which is composed partly of the property of a pre-existing association and partly of property contributed by corporators who had no connection with the previous association, the corporation is not bound for the debts of the late association.

The stock of the former associates would be liable for the debts of that association. But the creditors of that association would have no claim on the corporate property, or the stock of those corporators who were not connected with the original association.

When there is an agreement between all the parties about to incorporate, that the corporation shall assume all the debts of the prior association; or when, after incorporation, the corporate body assumes all the debts of the old association, undoubtedly this would enable the creditors to maintain assumpsit against the corporation.

APPEAL from the District Court of the First Judicial District, Storey County, HON. RICHARD RISING presiding.

The facts are stated in the Opinion.

*Williams & Bixler,* for Appellants.

When the mining association of Fairfax, Doake & Co. became incorporated for the purpose of more effectually carrying out and executing the original purpose of the association, and the corporation accepted a transfer of all the property of the association, it became liable, primarily, for all its debts. (Angell & Ames on Corporations, Secs. 169 and 592, and the following authorities cited in note 5 to Sec. 169 : *Haslett* v. *Witherspoon,* 2 Strob. Eq. R. 209 ; *Wesley Church* v. *Moore,* 10 Barr. 273 ; *Attorney Gen.* v. *Corporation of Leicester,* 9 Beav. 546.)

Here was an account stated. The account having been furnished to defendant and retained by it, neither returned nor objected to, it became an account stated and binding on defendant. (13 Cal. 427; 2 Green. on Ev., Secs. 126 and 127 ; Saund. Pl. & Ev. 43 ; *Cris-*

*man & another* v. *Count & Hawley*, 2 Manning & Granger, 307, 40 Eng. C. Law, 615.)

*L. Aldrich & C. J. Hillyer*, for Respondents.

Fairfax, Doake & others were tenants in common, but not partners, as shown by the testimony. As tenants in common, one could not bind his co-tenants. (*Wiseman* v. *McNulty et al.*, 25 Cal. 230 ; *Holland* v. *Craft, admr. etc.*, 3 Gray, 162 ; *Leffingwell et al.* v. *Eliott*, 8 Pick. 455.)

It does not appear that the corporation is the successor to Fairfax, Doake & Co. It does not appear that the corporation has all the property formerly held by Fairfax, Doake & Co. There is no evidence that they have not other property to pay their debts. All the tenants in common (or partners, if they can be so held) of Fairfax and Doake did not convey their interest to the corporation. Some part of the mine was conveyed to the corporation by parties who were not owners when this debt was contracted, and were not liable for it.

The transaction between the corporation and the owners of the mine was simply a sale and purchase. The corporation had a right to purchase free from all liens except those of record.

If there is any liability, it is in equity. That remedy has not been pursued. It could not be liable beyond the property received from Fairfax, Doake & Co.

There was no assumption of the debt by the corporation, for all negotiation on this score was with former members of the Fairfax-Doake concern, and they were negotiating in their individual capacity, and not as officers of the corporation.

There was no account stated with the corporation. There never were any mutual dealings between the plaintiff and corporation to be stated.

Opinion by LEWIS, C. J., BEATTY, J., concurring.

Fairfax, Doake & Co., whilst proprietors of the Bacon mining ground, contracted the indebtedness upon which this action is founded, by over-drafts on the bank of the plaintiffs; the money thus obtained being used in the development and working of the

mine.  After this debt was contracted, Fairfax, Doake, and their copartners associated themselves with the proprietors of a certain quartz mill, and incorporated the property of both associations under the name of the Bacon Mill and Mining Company.  By this arrangement the proprietors of the mill received an interest in the corporation equal to one-fourth of its capital stock, and the owners of the mine received the remaining three-fourths.  Some time after the incorporation was perfected the plaintiffs presented their account against Fairfax, Doake & Co., to the Secretary and some of the Trustees of the corporation for settlement; but though there was some talk or negotiating between two or three of the Trustees and the plaintiffs with respect to the demand, there seems to have been no assumption of it by the defendant, nor any promise to pay it. The only persons who in any way seemed to acknowledge the plaintiffs' claim were the members of the firm of Fairfax, Doake & Co., and the testimony of those persons clearly shows that they never intended to acknowledge it as a liability of the defendant, but only that they would endeavor to get the corporation to assume it and to make some arrangements for its payment.  Mr. Fairfax, one of the firm of Fairfax, Doake & Co., with whom the plaintiffs had interviews about the payment of their demand after the incorporation, in speaking of the conversation between himself and the plaintiffs upon that subject, says : " I did not represent the defendant at any of these interviews or conversations, nor was I authorized to do so."  And again he says:  " All I have to say here is, that as owner in the ground I was always ready to make any fair adjustment of any claim of indebtedness contracted by Mr. Doake, but that as trustee of this company I have never undertaken or attempted to adjust this claim."

Mr. Pringle, who was also a member of the copartnership of Fairfax, Doake & Co., says with respect to the conversations which he had with the plaintiffs : " I did not act or propose to act as a trustee, because there was no meeting of the Board of Trustees."

The Board of Trustees never seem to have in any way acted upon the matter, nor is it shown that there was any agreement between the proprietors of the mine and mill, at the time of incorporation, that the corporation should assume the liabilities or be responsible for the debts of Fairfax, Doake & Co.  It is, how-

ever, claimed by counsel for appellant that such understanding or agreement was entirely unnecessary; that the liability of the defendant for those debts arises from the fact that it is the successor of the association which contracted the debt, and has received a transfer of all its property for the purpose of carrying out the object of the association of Fairfax, Doake & Co., and some authorities are cited to sustain this position, none of which, however, in our opinion, in the remotest manner support it.

Had the mill-owners all been members of the firm of Fairfax, Doake & Co. at the time the debt sued on was contracted, and had they formed a corporation for the purpose of carrying out the objects of the partnership or association, without taking in strangers, in such case the corporation would perhaps, be primarily liable in equity for the debts of the association which it succeeded. Under such circumstances the property of no one but those who contracted the debt and were originally liable would be taken or subjected to the payment of it. The same persons continue the same business, with the same property, with no substantial change except in name. In such a case there is no reason why in equity the corporation should not be primarily liable for the debts, as it has succeeded to the property of the association. But if the rule contended for by counsel for appellant be the law, the property of a stranger to the contract of indebtedness, who may have had no knowledge of its existence, or even the means of ascertaining it, would be subjected to the payment of the liabilities of individuals with whom he may have associated himself in a common enterprise or business. The injustice of such a rule is so apparent that no subtlety of reason can well disguise it. The general rule of law is that none are liable upon contract except those who are parties to it, but here it is sought to charge an entire stranger to the contract with the responsibility of discharging it. The plaintiffs had no lien upon the mine, the formation of the corporation deprived them of no remedy or security; the interest which the mill-owners received in the corporation was doubtless only equal to the value of the property which they put into it; the plaintiffs' right of action against Fairfax, Doake & Co. continued as if no incorporation had taken place, and their interest in the Bacon Mill & Mining Company was as much subject to be taken to satisfy the demand of plaintiffs as the mining ground was before the

incorporation; hence, we see no equity to favor the rule contended for by appellants' counsel.   The case of an incoming partner is analogous to this, and it is universally held that he is not chargeable with the liabilities of the firm contracted before he became a member.   If, instead of incorporating, the proprietors of the mill and Bacon mining ground had formed a partnership, the authorities are uniform that, without a promise by the new firm, the mill proprietors would not be holden for the debts of the old firm.   (Story on Partnership, pp. 152 and 153.)

Why, then, should they be any more liable when, instead of a partnership, they form a corporation ?   There would seem to be no better reason for subjecting the interest of corporations to the payment of the debts of their associates contracted before the formation of the corporation than for holding A liable for the payment of the debts of B, where there is no ground for doing so except the purchase by A of the property of B.

If it be the law that a corporation is liable for the debts of some of its members contracted in the furtherance of the common object before they associate themselves with others in the corporation, why is it not also liable for the individual liabilities of each of its members contracted in the same pursuit ?   We apprehend it would be rather difficult to establish any substantial reason why the rule in the one case should not prevail in the other.   The rule laid down in Angell & Ames on Corporations, p. 169, that " if an association becomes incorporated, and the corporation accepts a transfer of all the property of the association for the purpose of carrying out the object of the association, the corporation will become primarily liable in equity for the debts of the association," certainly does not apply to cases where strangers to the association unite with it in the incorporation.   The members of the original association, of course, continue liable, as if no incorporation had taken place, and their interest in the corporation may be sold on execution; but that the interest of a stranger to such indebtedness can be taken to satisfy it, is a doctrine which we can never sanction as law.   Unquestionably if, when the mill proprietors and mining company were incorporated, there were any understanding or agreement between the respective parties that the corporation should be liable for the debts of the copartnership or association, this action could be maintained, because

that would be a sufficient assumption of the debt to make it its own. Or, if after the incorporation was complete, the corporation assumed or promised upon sufficient consideration, to pay the creditors of any of its members, in such case also the action could be maintained. But when such promise is relied on it must be clearly proven, for the presumption is against it.    We conclude, therefore, that before the defendant can be held liable for the debts of Fairfax, Doake & Co., it will be absolutely necessary for the plaintiffs to show that such was the understanding between the parties at the time of incorporation, or to show such a promise as will be sufficient to bind it upon contract.    Here no such promise is shown.    The conversations and promises of Pringle and Fairfax were not sufficient to charge the corporation with their liabilities.

The judgment of the Court below must therefore be affirmed.