*S. W Russell*, for appellant.   *Robert Armstrong, Jr.*, (*L. Fraser*, of counsel,) for respondents.

LEARNED, P. J.   The result of this case illustrates the incorrectness of the order bringing in the two legatees.   Section 452 of the Code authorizes the bringing in a party who has an interest in the subject, "the title to which may be in any manner affected by the judgment."   Cases like *Turner* v. *Conant*, 18 Abb. N. C. 160, and *Derham* v. *Lee*, 87 N. Y. 599, show that the object is to bring in all parties having an interest, so that a final decision may be made. Now, in any view, there are plainly no other parties having an interest, except those who are now parties.   Margaret has transferred her rights to the plaintiff, and William J. and Alfred W. are the only legatees.   If, then, they were properly brought in, no reason is shown why a verdict against the signers of the note should not have been directed in favor of some one.   The object of section 452 is not to enable debtors to escape paying debts, but, in a proper case, to aid in deciding to whom they shall pay.   And when every person who could claim the debt is a party, the debtor should not go free. Undoubtedly, if this note was in fact wholly assets of the estate, the executrix could reclaim it if she had parted with it improperly.   But until she, or some one authorized so to do, should reclaim it, it would seem that the legal title was in the party to whom it had been transferred.   Of course the plaintiff must be the real party in interest; that means, the party holding the legal title.   For instance, an assignment may be fraudulent as to creditors, yet the fraudulent assignee would be competent to maintain an action on a note thus fraudulently assigned.   According to the practice pursued in this case, when an assignee, under an assignment fraudulent as to creditors, had sued on a note thus assigned, a creditor of the assignor might cause himself to be made a party defendant to that action, and the court would thereupon nonsuit the plaintiff, and thus relieve the debtor from paying any one.   The mistake has been in bringing in the legatees.   A general legatee is entitled at the proper time to his share in the estate, and he is entitled to proceed against the executrix in the proper court for mismanagement.   But he is not the owner of any specific part of the estate.   The estate belongs to the executrix.   These legatees, therefore, were not properly brought in as parties, because they had no interest in this specific note.   This is easily illustrated.   This executrix is personally entitled in any event to one-third.   Now, if this note were much less than one-third of the estate, she might take it as her share, or as part thereof; and the legatees could claim no specific interest therein.

It may be true, as the respondents urge, that the plaintiff and the executrix are mismanaging the estate.   But this action is not the place where that question is to be tried.   As the signers of the note do not deny their signatures, the only question here to be tried is whether the plaintiff is the legal owner and holder.   Of that his possession is *prima facie*, but not conclusive, evidence.   These legatees are in no sense owners of the note, and show no title, or claim of title, thereto.   They should not be parties.   Order making legatees parties reversed, with $10 costs and printing disbursements against the guardians, and motion to make them parties denied, with $10 costs against guardian.   Judgment reversed; new trial granted; costs to abide event.

---

## ADAMS *v.* EMPIRE LAUNDRY MACHINERY CO.

*(Supreme Court, General Term, Third Department.   March 16, 1889.)*

PARTNERSHIP—DISSOLUTION—RIGHTS AND REMEDIES OF PARTNER.

After the dissolution of a partnership, its members, together with others, formed a corporation to do the same kind of business in which the partnership had been engaged, the assets of the partnership being transferred to the corporation, and it being agreed that S. should cause said corporation to assume the liabilities of the

partnership if the assets transferred should exceed such liabilities. *Held*, that plaintiff, who had been a member of the partnership, and had been obliged to pay a judgment against it, could not recover from the corporation on account of such payment, where it was not shown that the corporation took any steps towards assuming the liabilities of the partnership, nor that such liabilities were less than the assets.

Appeal from judgment entered on report of referee.

Action by Alonzo P. Adams against the Empire Laundry Machinery Company. Judgment was given for defendant, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*Ward & Cameron*, for appellant. *Marcus T. Hun*, for respondent.

INGALLS, J. The Empire Laundry Machinery Company, consisting of the plaintiff, Alonzo P. Adams, George L. Shorey, and Frank Everhart, was formed as a copartnership, February 1, 1883, and continued to transact business in that capacity until July 1, 1883, when said partnership was dissolved by mutual consent, as evidence of which the parties executed the following: "New York, July 16, 1883. The within partnership is hereby dissolved by mutual consent. GEORGE L. SHOREY. A. P. ADAMS. FRANK EVERHART." During the existence of such partnership two laundry machines were purchased by such firm of Churchill & Peterson, at the price of $250. Subsequently Churchill and Peterson recovered a judgment therefor against the members of said copartnership for the sum of $301.29, damages and costs, and the plaintiff, Alonzo P. Adams, was compelled to pay the same, and took an assignment of such judgment. On the 16th day of July, 1883, the said George L. Shorey, Alonzo P. Adams, Frank Everhart, and Henry S. Porter entered into an agreement, as follows, (Exhibit L:) "Agreement entered into between George L. Shorey, Alonzo P. Adams, Frank Everhart, and Henry S. Porter this 16th day of July, 1883. Said Shorey shall cause to be organized in Massachusetts a corporation, with a capital of ten thousand dollars in cash, which he shall cause to be paid,—the corporation issuing 100 shares of stock, at $100 par value; the bulk of which stock Shorey shall take himself. He shall make one of the other subscribers hereto a director; shall cause said corporation to assume the liabilities of the Empire Laundry Machinery Co., and of the Laundry Machinery and Supply Co., if said liabilities are exceeded by the assets, which are to be assigned to the corporation. He shall give each of said other parties an option for one year to buy twenty-five shares of said stock for one hundred and six dollars a share, dividends to go with same; and said other parties agree to pay cash within one year, as aforesaid. The corporation shall pay, for the benefit the said firms have received from the use of the patterns, the cost of reproducing the same; and all patterns shall be considered used where the machines are advertised in the catalogues of said firms; and the owners of said patterns shall be credited with their share of said sum as soon as possible on the corporation books. The parties hereto agree that for five years neither will do for himself, or in any manner directly or indirectly participate with others in any business the same or similar to that of the corporation, but this agreement shall not prevent any party hereto from manufacturing for the corporation."

The corporation contemplated by the foregoing agreement was formed, and it seems that the assets of the copartnership were transferred to such corporation. The plaintiff contends that, having paid the judgment which was the debt of the copartnership, he became a creditor of such corporation by virtue of the following provision contained in such agreement: "He [Shorey] shall cause said corporation to assume the liabilities of the Empire Laundry Machinery Company, and of the Laundry Machinery and Supply Company, if said liabilities are exceeded by the assets which are to be assigned to the corporation." The referee in his report finds as follows: "That the evidence given upon the trial herein fails to establish that said corporation, the defendant

herein, ever assumed the liabilities of said copartnership, the Empire Laundry Machinery Company, or said liability of said copartnership to said firm of Churchill & Peterson, or ever agreed or became liable to pay the same, or bound or liable to indemnify the plaintiff against the payment thereof."

We fail to discover in this case any agreement on the part of the corporation to assume or pay the debt which the plaintiff claims in this action. The agreement provides that Shorey should cause the corporation to assume the liabilities of the companies therein specified. The corporation did not do it by any act which we can discover, no resolution was adopted to that effect, nor did the corporation take any action which even pointed towards such a result. It will be observed that the corporation was not confined to the members of the copartnership, but included others. The mere fact that the corporation received by transfer the assets of such partnership did not ! ve the effect to charge it with the payment of the debts of the copartnership, in view of the facts disclosed herein. Such liability was not assumed by the corporation, nor was the debt in question contracted by such corporation, for any of the purposes thereof. The plaintiff paid the debt of the partnership, and not of the corporation, with a knowledge presumably of all the facts relating to the transaction, as he was a member of the partnership and of the corporation. We do not perceive that Shorey took a step in the direction of causing the corporation to assume the debts of the partnership, by which any liability therefor was assumed by or created against such corporation. Hence, in view of all the facts, and the law applicable thereto, the referee very properly decided that the plaintiff had failed to establish a cause of action against the defendant. Furthermore, by the terms of the agreement no liability for the debts of the partnership was to be assumed by the corporation in excess of the assets received by it, and the plaintiff would, in any event, be compelled to affirmatively establish the fact that such assets exceeded the liabilities of such partnership, in order to meet the requirement of such agreement. The referee refused to find that the assets exceeded such liabilities, and we are satisfied that the evidence is not such as to require this court to hold that the referee erred in refusing to find such fact, as requested by the plaintiff. It appears that all the members of such copartnership at the time of the dissolution of said firm in an agreement signed by them provided as follows: "H. S. Porter shall adjust the accounts." It appears that Porter did investigate, and state an account in regard to the assets and liabilities of said copartnership, and reached the result showing that the debts exceeded the assets, and such statement is contained in the printed case. The plaintiff contends that such statement is erroneous in some particulars, which the defendant denies, and we are convinced that the evidence bearing upon that question is not such as to call upon us to adjudge that the plaintiff has established the fact that such assets were an excess of the liability, and thus reverse the conclusion of the referee in that respect. Our examination of this case has produced the conviction that no error has been committed by the referee which calls for a reversal of the judgment, and that the same should be affirmed, with costs.