ST. CLAIR LIME CO. v.
ADA LIME CO., Inc.

No. 31818. Oct. 2, 1945.

*162 P. 2d 547.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, of Oklahoma City, for defendant in error.

RILEY, J. St. Clair Lime Company appeals from a judgment against it and in favor of Ada Lime Company, in the amount of $431.73, interest and costs.

Ada Lime Company, as plaintiff in the trial court, alleged its corporate existence and sued on an itemized account for lime sold defendant between July 11 and August 15, 1942, in the total amount of $521.86.

Defendant, St. Clair Lime Company, by verified answer, denied plaintiff's corporate existence, denied plaintiff's account, and pleaded an overpayment to plaintiff, as shown by an attached itemized account beginning January 1, 1942, in the total sum of $223. In addition, defendant sought damages against plaintiff for fraud alleged to have arisen by plaintiff's breach of a written contract to defendant's detriment in the sum of $4,856.

At the trial, it was admitted that 79.95 tons of lime had been sold and delivered by plaintiff to defendant, between July 11 and 18, 1942. A dispute arose as to the agreed price, but, according to defendant's evidence, the price agreed upon was $5.40 per ton, thus accounting for the amount of the judgment.

Defendant sought to prove its account with Ada Lime Company beginning January 1, 1942, under which a balance of $223 was alleged to be due. Likewise defendant offered in evidence a written contract between Ada Lime Company, a copartnership, and St. Clair Lime Company, a corporation, executed June 23, 1941, and sought to prove damage arising by reason of plaintiff's breach of the agreement.

The trial court excluded evidence of all transactions prior to June 19, 1942, when, according to the stipulation between plaintiff and defendant, it was agreed that the Ada Lime Company was incorporated.

It is admitted that prior to the date of corporate existence Ada Lime Company was a copartnership owned and operated by Pedro Simpkins and his wife; that on June 18, 1942, a half interest, except for bills receivable, was sold to nine other persons, and that all of the owners became, on June 19, 1942, incorporators of the Ada Lime Company.

By terms of a bill of sale, it was agreed to protect Ada Lime Company, as a corporation, from all claims, debts, and liabilities that might arise and be established against Ada Lime Company, a copartnership. The purchasers agreed to pay one-half of the 1942 ad valorem taxes. Thus the evidence, aside from payment of a portion of the taxes, fails to disclose an express assumption by the corporation of any of the liabilities of the copartnership, and the issue presented narrows itself to the query as to whether debts and liabilities of Ada Lime Company, a copartnership, existing prior to the incorporation were assumed by implication.

The mere fact that a corporation is organized to take over the business for-

merly conducted by a firm or individuals is not, of itself, sufficient to render it liable for a debt incurred by such firm or individual in conducting such business. 13 Am. Jur. 1132.

The general rule is:

"When a partnership or other voluntary association is incorporated, there is no legal identity between the corporation and the pre-existing association, even though the name and the members are the same; and in such a case the general rule that a corporation is not bound by nor entitled to the benefit of a contract made by its promoters unless it expressly or impliedly ratifies or adopts the same applies." 14 C.J. 305.

Defendant cites Cunningham et al. v. Spencer, 111 Okla. 217, 239 P. 444, wherein it is held:

"Where a corporation has been formed of members of a partnership subsequent to the incurring of a debt and the assets of the partnership have been assigned to the corporation for the continuance of the business, it will be presumed that the corporation assumed the partnership debts, and it will be prima facie liable therefor."

Defendant also cites other cases of a similar nature.

But that rule has no application where the corporation has been created in part with funds or property contributed by new corporators who had no connection with the previous association, and the corporation cannot be charged with the debts of the previous volunteer association composed of a part only of its members. 18 C.J.S. 545; 14 C.J. 283.

There is no implied liability where new capital is invested in the corporation by third parties. 13 Am. Jur. 1133. Byrne & Hammer Dry Goods Co. v. Willis-Dunn Co. et al., 23 S. D. 221, 121 N.W. 620; Roe v. LaHaye, 64 F. 2d 962; Universal Pictures Corp. v. Roy Davidge Film Laboratory, 7 Cal. A. 2d 366, 45 P. 2d 1028; Paxton v. Bacon Mill, etc., 2 Nev. 257. In the latter case the general rule of law is stated that

none are liable on contract except those who are parties to it. In Adams v. Empire Laundry Mach. Co. (N.Y.) 52 Hun, 610, 22 N.Y.S.R. 271, 4 N.Y.S. 738, it is said that the mere fact that a corporation, the membership of which is not confined to the members of a copartnership, received by transfer the assets of such partnership, does not have the effect to charge it with the payment of the debts of the copartnership. See, also, McClellan v. Detroit File Works, 56 Mich. 579, 23 N.W. 321. In this case there were nine incorporators in addition to the members of the former partnership and not all of the property of the former partnership was transferred to the corporation. The facts in the instant case differ from those in Cunningham v. Spencer, supra, and it is not governed thereby.

Defendant asserts that when the nine other persons purchased the half interest in the property of the partnership, a new partnership was thereby created and thereby the case is brought within the rule of Cunningham v. Spencer, supra. But there is no evidence to support the contention. Joint ownership and part ownership of personal property are distinguishable from the relationship of partnership. Although to constitute a partnership as between the parties themselves there must be joint ownership of the partnership funds, the fact of ownership and rights of ownership do not depend upon the relationship of partnership between the parties. The relationship of partnership arises out of contract between the parties, while joint ownership in property may be created where there are no contractual relations. 14 Am. Jur. 128.

There is no evidence whatever of any contract to form a new partnership. Certainly there is no evidence that the so-called new partnership ever did carry on any business as such. The trial court was correct in its ruling for the reason that there was no evidence of any express assumption of the alleged debt of the former partnership to defendant; the stockholders of the corporation are not the same persons

who comprised the former partnership at the time the alleged indebtedness was incurred; all of the property of the former partnership was not transferred to the corporation.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.