Dear Secretary Cole
¶ 0 This office has received your request for an official Opinion asking, in effect, the following questions:
1. Do individuals serving a sentence of imprisonment have thecapacity to execute documents necessary to organize a businessentity?
 2. Are individuals serving a sentence of imprisonmentprohibited from holding the office of notary public?
 I. SUSPENSION OF CIVIL RIGHTS DURING IMPRISONMENT
¶ 1 Those who are serving a sentence of imprisonment lack the capacity to execute documents necessary to organize a business entity for two reasons. First, it is well established that while serving a sentence of imprisonment under the Department of Corrections, individuals are subject to the suspension of their "civil rights." Oklahoma law provides:
 A sentence of imprisonment under the Department of Corrections suspends all the civil rights of the person so sentenced, except the right to make employment contracts, during confinement under said sentence, subject to the approval of the Director of the Department of Corrections, when this benefits the vocational training or release preparation of the prisoner, and forfeits all public offices, and all private trusts, authority or power, during the term of such imprisonment. Provided however, such persons during confinement shall not be eligible to receive benefits under the unemployment compensation law.
21 O.S. 1991, § 65[21-65].
¶ 2 Civil rights were defined as those rights which grow out of civilization when the Court explored the meaning of civil rights in Byers v. Sun Savings Bank, 139 P. 948, 949 (Okla. 1914). The Court relied on statutory language very similar to the statutory language relied upon in this Opinion. In Byers, an inmate serving a prison sentence sought to contract with an attorney to represent him in obtaining parole. The Court found that because a liberty interest was at stake the prisoner could sue for a writ of habeas corpus, and an exception would be made to permit him to contract; the Court reasoned the right to sue for a writ of habeas corpus would be useless if the prisoner could not also contract with an attorney to represent him. The Court also noted that prisoners may still be sued while they are incarcerated and their civil rights are suspended, therefore, prisoners have the right to defend those suits. It is important to note that the Court in Byers interpreted the phrase "civil rights" as used in the Oklahoma Statutes, not "civil rights" as used in federal jurisprudence. In Byers, the Supreme Court defined civil rights as:
 [T]hose rights which are the outgrowth of civilization, which arise from the needs of civil, as distinguished from barbaric communities, and are given, defined, and circumscribed by such positive laws, enacted by such communities, as are necessary to the maintenance of organized government.
Id. at 949
¶ 3 The Court distinguished civil rights from "natural rights" as "those rights which are necessarily inherent, rights which are inate [sic], and which come from the very elementary laws of nature, such as life, liberty, the pursuit of happiness, and self-preservation." Id. Additionally, the Court contrasted civil rights with political rights as follows:
 The word "civil" is derived from the Latin "civilis," a citizen, as distinguished from a savage or barbarian, and the term "civil rights" comprehends all rights which civilized communities undertake, by the enactment of positive laws, to prescribe, abridge, protect, and enforce. "Political rights," therefore, such as the right of suffrage, the right to hold office, and the right to participate in the administration of governmental affairs, are included within and abridged, extended, protected, and enforced by the more comprehensive term "civil rights," which comprehends and circumscribes all rights which the code, written or unwritten, of a civilized community gives to its citizens, including the less comprehensive term" civil" as distinguished from "military" rights.
Id.
¶ 4 Oklahoma law provides for several specific rights that are lost as a result of conviction for a criminal offense. Statutory provisions include disqualification from service on juries,[1] forfeiture of office and disqualification from holding any future office or employment for any elected or appointed State or county officer or employee,[2]
cancellation of voter registration,[3] suspension from office or employment for any State or county officer or employee,[4] and loss of eligibility to be a candidate for public office.[5]
¶ 5 The laws of the State of Oklahoma grant the authority for organization of business entities through the Oklahoma General Corporation Act, 18 O.S. 1991 and Supp. 1996, §§ 1001-1144, and the Uniform Partnership Act, 54 O.S. 1991, §§ 201-244[54-201-244].[6]
The right to organize such business entities is not a "natural right" guaranteed to all individuals as described in Byers.
Rather, such a right falls precisely within the realm of "civil rights." Byers, 139 P. at 949. Business entities have emerged as an outgrowth of civilization. Organization of business entities is a civil right granted to the citizens of Oklahoma by the laws of the State of Oklahoma. Accordingly, those who are deprived of such civil rights are deprived of their authority to organize such business entities.
¶ 6 Those serving a sentence of imprisonment are deprived of their civil rights. The act of organizing a business entity is a civil right. Accordingly, those individuals lack the capacity to form a business entity.
 II. LACK OF CAPACITY TO CONTRACT
¶ 7 The second reason individuals serving a sentence of imprisonment lack the capacity to execute documents necessary to organize a business entity is their lack of capacity to contract. Title 15 O.S. 1991, § 11[15-11] mirrors 21 O.S. 1991, § 65[21-65] and provides:
 All persons are capable of contracting, except minors, persons of unsound mind, and persons deprived of civil rights, however, persons sentenced to imprisonment under the Department of Corrections for any term, during confinement under said sentence, may make employment contracts, subject to the approval of the Director of the Department of Corrections, when this benefits the vocational training or release preparation of the prisoner; provided however, such persons during confinement shall not be eligible to receive benefits under the unemployment compensation law.
15 O.S. 1991, § 11[15-11].
¶ 8 Although neither the Oklahoma General Corporation Act[7] nor the Uniform Partnership Act[8] speak to the legal capacity of the organizers, the act of organizing such business entities is contractual in nature. See Don JohnstonDrilling Co. v. Howard, 347 P.2d 640, 647 (Okla. 1959). As far back as 1819, the United States Supreme Court considered the issue in The Trustees of Dartmouth College v. Woodward,17 U.S. 518 (1819). The Court held that the contracts clause of the United States Constitution prohibited a state from applying new legislation to existing corporations because the corporate charter was a contract between the corporation and the state. Following this case, states began to reserve the power to amend within their incorporation statutes which provide the terms of the contract between the corporation and the state.[9]
Furthermore, in St. Clair Lime Co. v. Ada Lime Co.,162 P.2d 547 (Okla. 1945), the Court specifically held that a "partnership arises out of contract between the parties." Case law thus establishes that the basis of business entities is that of a contract.
¶ 9 Persons deprived of their civil rights lack the capacity to contract. The act of organizing a business entity is contractual in nature. Accordingly, those who are deprived of their civil rights lack the capacity to contract, and thus, lack the capacity to organize business entities by executing the documents necessary for organization.
 III. HOLDING THE OFFICE OF NOTARY PUBLIC
¶ 10 A notary public is appointed by the authority of the State to provide official ministerial acts. "The Secretary of State shall appoint and commission in this state notaries public, who shall hold their office for four (4) years." 49 O.S. 1991, §1[49-1]. The position of notary public is thus a public office.
¶ 11 Title 21 O.S. 1991, § 65[21-65] provides that a person serving a sentence of imprisonment under the Department of Corrections forfeits all public offices. Therefore, an individual as described in your question is prohibited from holding the office of notary public.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. In accordance with 21 O.S. 1991, § 65[21-65] and 15 O.S.1991 § 11[15-11], individuals serving a sentence of imprisonment underthe Department of Corrections do not have the capacity to executethe documents necessary to organize business entities.
 2. Individuals serving a sentence of imprisonment under theDepartment of Corrections are prohibited from holding the officeof notary public as authorized by 49 O.S. 1991, § 1[49-1].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAWN AMUNDSEN ASSISTANT ATTORNEY GENERAL
[1] 38 O.S. Supp. 1996. § 28(B)(6).
[2] 51 O.S. 1991, § 24.1[51-24.1].
[3] 26 O.S. Supp. 1996, §§ 4-120[26-4-120] and 4-120.4.
[4] 51 O.S. 1991, § 24.1[51-24.1].
[5] 26 O.S. 1991, § 5-105a[26-5-105a](A).
[6] Although this Opinion focuses on corporations and partnerships, it encompasses other business entities which fall under similar statutes, including limited liability companies and limited partnerships.
[7] 18 O.S. 1991 and Supp. 1996, §§ 1001-1144.
[8] 54 O.S. 1991, §§ 201-244[54-201-244].
[9] 18 O.S. 1991, § 1004[18-1004].