## ARIADNE B. MERCIER *vs.* SALLY CHACE.

Since the probate court has no jurisdiction to set out an estate of homestead, if the right to it is disputed by the heirs or devisees, a decree by that court, dismissing a widow's petition to have such estate set out to her, upon the denial by the heirs at law of her right to a homestead, will not preclude her from maintaining and establishing such right thereafter in other courts.

WRIT OF ENTRY. The tenant claimed an estate of homestead in the demanded premises, as the widow of Allen Chace. The demandant contended that the tenant was estopped to set up such claim, by the decrees of the probate court dismissing two several petitions by the tenant to have an estate of homestead set out to her in the demanded premises, upon which petitions the heirs at law appeared and disputed her right to a homestead. No objection was made in the probate court to its jurisdiction over the parties and the subject matter, and all the proceedings there were regular in form, and the tenant took no appeal from either decree. Upon these facts, *Morton*, J. ruled, in the superior court, that the decrees in the probate court were a bar to the tenant's claim of homestead, and, the case being tried before him without a jury, found for the demandant. The tenant alleged exceptions.

*J. C. Blaisdell*, for the tenant, cited *Peters* v. *Peters*, 8 Cush. 529; *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87.

*J. E. Sanford*, for the demandant. [The argument as to the jurisdiction of the probate court is omitted.] Even if the probate court had not jurisdiction, the tenant cannot set up the want of jurisdiction in this action. There is no decided case in which a decree of that court has been adjudged void, in a collateral proceeding, upon the plea of one who resorted to that tribunal as a petitioner, was fully heard, made no objection to the jurisdiction of the court or its course of procedure, and took no appeal. See *Emery* v. *Hildreth*, 2 Gray, 228; *Raynham* v *Wilmarth*, 13 Met. 414; *White* v. *Clapp*, 8 Met. 365, and cases there cited; *Hancock* v. *Hubbard*, 19 Pick. 167, and cases there cited; *Holyoke* v. *Haskins*, 9 Pick. 259; *Same* v. *Same*, 5 Pick. 20

and cases there cited; *Wait* v. *Maxwell*, Ib. 217; *Hathaway* v *Clark*, Ib. 490; *Sumner* v. *Parker*, 7 Mass. 79.

DEWEY, J.   The sole question here is, whether the tenant is barred of her right to set up an estate of homestead in the demanded premises by reason of certain judgments of the probate court, upon her petitions to that court praying that an estate of homestead might be assigned to her as the widow of Allen Chace.

It appears that, upon the filing of these petitions, the heirs at law were notified and appeared, and disputed her right to a homestead, as alleged in her petition, and the probate court, after a full hearing of the parties, found that the petitioner was not entitled to a homestead, and dismissed her petitions.   The tenant now insists that no effect can be given to those judgments; that her right to a homestead, being disputed by the heirs before the probate court, that court was thereupon ousted of its jurisdiction; and therefore that the judgments relied upon in bar are utterly void.

The position thus taken by the tenant is fully sustained, as to the want of jurisdiction in the probate court to take further cognizance of the petitions for setting off such homestead, after the right to it was disputed by the heirs at law.   This subject has been fully considered and decided by this court during the present term, in the case of *Woodward* v. *Lincoln, ante,* 239.

It is then further urged that, if this be so, yet it is not competent for the tenant, who was the petitioner to the probate court, to set up the want of jurisdiction in reply to the plea in bar in this suit, even if it might have availed her in the probate court, or on an appeal.   But we think this is an erroneous view of the matter, and that these judgments of the probate court are to be treated as wholly void.   They would have been so if in her favor; and they ought to have no more effect, having been against her.   She was in no fault in petitioning the court of probate, inasmuch as a homestead might have been legally set off to her, if the heirs at law had not appeared and disputed her right to the same.   After that stage of the case, both parties were *coram non judice.*

We understand the principle to be well settled, that if the pro-bate court exceeds its jurisdiction, and makes a decree upon a matter in which it has no jurisdiction, such decree is held utterly and absolutely void and of no effect, and may be so treated in any collateral proceeding, if such want of jurisdiction is shown. *Peters* v. *Peters*, 8 Cush. 529. *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87, and cases there cited. The ruling of the court upon this point was erroneous. *Exceptions sustained.*