## McINTOSH et al. v. REASON et al.

No. 8737—Opinion Filed April 9, 1918.

Rehearing Denied April 30, 1918.

(172 Pac. 446.)

### 1. Deeds—Competency of Grantor—Order of Court.

An order of the county court adjudging a person incompetent, who has previous to such order transfered real estate, is incompetent and not admissible as evidence of the incompetency of such grantor at the time of the transfer of such real estate.

### 2. Lis Pendens—Nature of Doctrine.

The doctrine of lis pendens cannot be based upon a proceeding instituted after the conveyance in controversy was taken.

### 3. Competency of Grantor—Evidence.

Evidence examined, and the judgment of the trial court held not to be clearly against the weight thereof.

(Syllabus by Rummons, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by Polly McIntosh and others against Isiah Reason and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Miller & Dean, for plaintiffs in error.

Burke & Harrison ,for defendants in error.

Opinion by RUMMONS, C. This action was originally commenced by Tom Robins, an incompetent, by his guardian, S. L. James, against the defendants. After the commencement of this action. Tom Robins died, and the action was revived in the name of the plaintiffs, his heirs at law. In this action the plaintiffs seek to have canceled a deed executed by Tom Robins to Isiah Reason and a certain deed from Isiah Reason to the other defendants, upon the ground that at the time of the execution of the deed to Isiah Reason the said Tom Robins was mentally incompetent and insane and because of fraud and want of consideration. The cause was tried to the court, resulting in a judgment for the defendants, to reverse which plaintiffs bring this proceeding in error.

Counsel for plaintiffs have made no assignments of error in their brief. Their argument, however, is addressed principally to the proposition that the judgment of the court is against the weight of the evidence. Incidentally, there is discussed the question of the effect of an order of the county court of Creek county adjudging Tom Robins incompetent and appointing a guardian of his person and estate. Although the brief of counsel for plaintiffs contains no assignments of error, we will consider the propositions argued in the brief.

Tom Robins, a Creek freedman, was allotted the land in controversy. On November 13, 1913, one J. L. Byrne filed a petition in the county court praying the appointment of a guardian for Tom Robins on the ground that he was incompetent. Notice of the hearing of the petition was duly served on Tom Robins on November 13, 1913, and the petition was set down for hearing on November 29, 1913. As far as the records disclose, no action was taken upon this petition. On March 21, 1914; Tom Robins executed and delivered to Isiah Reason a warranty deed to his allotment, and thereafter on March 23, 1914, Reason conveyed a one-half interest in said allotment to the defendant Steinhorst. On October 9, 1914, the county court of Creek county, upon the petition of Polly McIntosh, one of the plaintiffs, notice of the hearing of which petition was served upon Tom Robins on September 19, 1914, made an order adjudging Tom Robins an incompetent and appointing S. L. James his guardian. Thereafter this action was commenced by S. L. James as guardian to cancel the deeds above mentioned.

At the trial the plaintiffs offered in evidence the petition of J. L. Byrne for the appointment of a guardian, the notice of hearing on said petition and the order of the county court adjudging Tom Robins an incompetent and appointing S. L. James his guardian. The trial court sustained an objection to the offer of this evidence. In this he committed no error. In Duroderigo v. Culwell, 52 Okla. 6, 152 Pac. 605, this court says:

"But the plaintiff complains that the trial court refused to allow him to introduce in evidence a finding of the county judge, who adjudged Duroderigo incompetent, which finding is to the effect that he was an imbecile from his birth. The court permitted the plaintiff to introduce the order for the purpose of showing that Duroderigo had been adjudged incompetent on July 26, 1912, and that Frank O'Savior was at that time appointed his legal guardian. This evidence was clearly competent for the purpose of showing that this action was properly prosecuted by guardian, but the district court could not be bound by the finding of fact made by county judge that he had been an

imbecile from his birth, and the exclusion of this evidence was not error. That was the very question which had been made an issue by the plaintiff in the district court, and was then being tried to a jury, and they should have been left free to pass upon that question in the light of the evidence introduced in their hearing upon that question. And the offer of this finding of fact was an attempt to invade their province."

In the instant case the authority of the guardian to maintain the action was not in issue, since his ward was dead and the action revived in the names of the ward's heirs: therefore the adjudication by the county court of the incompetency of Tom Robins was incompetent for any purpose as against conveyances made by him before such adjudication.

It is urged by counsel for plaintiffs that the order of the county court adjudging Tom Robins an incompetent is binding upon the defendants for the reason that this conveyance was taken between the filing of the petition and the appointment, and therefore the doctrine of lis pendens applies against the defendants. Without determining whether or not the doctrine of lis pendens will apply to a proceeding to adjudicate one an incompetent and to appoint a guardian of his person and estate, it is apparent that the doctrine can have no application to the instant case. The adjudication of the incompetency and the appointment of the guardian was made upon the petition of Polly McIntosh, the date of the filing of which does not appear; but notice of which was served upon Tom Robins on September 19, 1914, long after the conveyance upon which defendants rely had been taken. The petition of J. L. Byrne seems to have been abandoned, and the plaintiffs cannot invoke the doctrine of lis pendens upon a proceeding instituted after the conveyances in controversy were taken.

The evidence is voluminous, and it would serve no good purpose to attempt to set it out in this opinion. From an examination of the entire record, it does not appear that the finding of the trial court is clearly against the weight of the evidence. The judgment of the trial court will not therefore be disturbed.

The judgment should be affirmed.

By the Court: It is so ordered.