**CUNNINGHAM et al. v. SPENCER.**

No. 15388—Opinion Filed June 30, 1925.

Rehearing Denied Sept. 15, 1925.

1. **Corporations—Succeeding to Partnership Business—Assumption of Debts Presumed.**

Where a corporation has been formed of members of a partnership subsequent to the incurring of a debt, and the assets of the partnership have been assigned to the corporation for the continuance of the business, it will be presumed that the corporation assumed the partnership debts, and it will be prima facie liable therefor. Modern Dairy & Creamery Co. v. Blanke & Hauke Supply Co. (Tex. Civ. App.) 115 S. W. 153. 4th Syllabus.

2. **Taxation — Admissibility of Note—Registration and Payment of Tax.**

The competency, as evidence, of a note on which and by virtue of section 9608, Comp. Stat. 1921, tax must be paid, is determined by its condition and status at the time it is offered in evidence, and not at the time the suit was filed. Although the tax thereon was not paid and the note registered by the county treasurer until after the commencement of the trial at which it is offered in evidence, the same will not on said account be rejected as evidence under the provisions of section 9613, Comp. Stat. 1921.

3. **Trial—Instructions—Refusal of Requests Where Law Covered in Charge.**

The refusal to give requested instruction setting forth the law of the case does not constitute error, where the issue involved is fairly covered by the instruction given by the court.

4. **Appeal and Error—Trial—Allowance of Attorney's Fee.**

Where a ten per cent. attorney's fee is provided in a note, if the jury fail to allow it, it is the duty of the trial court to do so. And, if that court fails to do so, this court is justified in doing so, since the amount is fixed and determined by the amount found due on the note. Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209.

(Syllabus by Jones, C. )

Commissioners' Opinion, Division No. 3.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by E. L. Spencer against Gus Cunningham et al. Judgment for plaintiff, and defendants bring error. Reversed in part and affirmed in part.

Thomas P. Holt, for plaintiff in error.

McKeown & Green, for defendant in error.

Opinion by JONES C. This action was instituted in the district court of Pontotoc county by defendant in error, as plaintiff, against the plaintiffs in error, as defendants, to recover judgment for the sum of $5,000, together with interest and attorney's fee as evidenced by a certain promissory note. On the trial of the case to the court and jury, the jury returned a verdict in favor of the

plaintiff for the sum of $5,000, with interest and $200 as attorney's fee; motions for new trial were filed by both plaintiff and defendants, and were overruled by the court, and judgment rendered in accordance with the verdict of the jury, from which order and judgment of the court, the appellant prosecutes this appeal and appellee prosecutes his cross-appeal. Motion to dismiss the appeal of plaintiff in error has been filed by the defendants in error, upon the ground that the appellant has not complied with rule 26 of this court in preparing brief, and while there is some merit in the contention made, we think under the former decisions of this court, that we are fully justified in denying the motion and disposing of the case on its merits. The facts, as disclosed by the record, show that on January 3, 1921, Guss Cunningham, one of the appellants, executed the note in controversy to the Guaranty State Bank of Ada, Okla., and that said note was indorsed: "Ada Music Company by B. F. McCauley"; and subsequently the note was indorsed, "without recourse on us, the Guaranty State Bank, by E. L. Spencer, President, "E. L. Spencer, individually, paid face value for said note and was the owner and holder thereof at the time of the institution of this suit. The Ada Music Company was a copartnership composed of B. F. McCauley, Guss Cunningham, and G. P. Penrose, and on January 29, 1924, the Ada Music Company incorporated, and the former partners were the incorporators, and the business was continued in the name of the Ada Music Company at the same place, and in the same manner as it had been conducted as a partnership.

The defendants interposed a demurrer to plaintiff's petition, which was overruled by the court, and thereafter answers were filed generally denying all of the allegations of plaintiff's petition, and especially pleading as a matter of defense that the note was given as an accommodation note and was without consideration: that the defendants Cunningham and McCauley were induced to execute said note and deliver the same to the said Spencer as president of the bank in order that the records of the bank might make a better showing upon the examination by the bank examiner, and this is one of the questions raised by assignment of error. Upon this issue there is a direct conflict in the evidence, and the court submitted the issue to the jury under proper instructions, and the jury having returned the verdict in favor of the plaintiff for the face value of the note to wit, $5.000, this is necessarily a finding against the defendants on

this issue, and we find from an examination of the record, evidence to sustain the verdict of the jury in this particular, and under the general rule adopted by this court, the findings of the jury on questions of fact are conclusive, when based upon sufficient evidence, and will not be disturbed on appeal by this court. Appellant also earnestly contends that the judgment should be reversed for the reason that G. P. Penrose was not made a party defendant, it being conceded that Penrose was one of the members of the copartnership of the Ada Music Company, but in view of the fact that the Ada Music Company was duly incorporated and that the incorporators were the same individuals who formerly composed the copartnership, we think this renders this contention without merit.

The record discloses that no stock was ever issued by the corporation to any of its members, the business proceeding under the same name, at the same place, and in the same manner as it was conducted under the partnership arrangements. The corporation took over all of the assets of the partnership, and we think automatically became liable for the liabilities of the partnership. A discussion of this question will be found in vol. 3, Thompson on Corporations, sections 2345-2348, and in the case of Modern Dairy & Creamery v. Blanke & Hauke Supply Co. (Tex. Civ. App.) 116 S. W. 153, the 4th paragraph of the syllabus thereof reads as follows:

"Where a corporation has been formed of members of a partnership subsequent to the incurring of a debt, and the assets of the partnership have been assigned to the corporation for the continuance of the business, it will be presumed that the corporation assumed the partnership debts and it will be prima facie liable therefor." Reed v. First National Bank, 46 Neb. 168, 64 N. W. 701; Hennessy v. Griggs (N. D.) 44 N. W. 1010; Curtis Jones Co. v. Smelter National Bank (Colo.) 96 Pac. 172; and Byrne Hammer D. G. Co. v. Willis-Dunn Company (S. D.) 29 L. R. A. (N. S.) 589.

In Andreas v. Morgan, 32 Ohio, 236, 56 N. E. 875, 78 A. S. R. 712, the following rule is announced:

"If for the purpose of continuing a business, it is changed from a partnership to a corporation, the latter taking all the property of the partnership, by the members of the firm transferring their respective interests therein to the corporation, and receiving a like interest in the capital stock of the company in consideration of the transfer, and the parties remain the same, the debts of the firm become the debts of the

corporation, which is answerable, whether it has expressly assumed them or not. Such a transaction is not a sale of property by one to another. The corporation cannot retain the property and repudiate the liability."

This authority, we think, clearly establishes the fact that as a matter of law, a suit against the Ada Music Company, the corporation, and the individual signors and indorsers of the note, was clearly sufficient to give the court jurisdiction to render judgment in the case. The record further discloses that prior to the institution of this suit, G. P. Penrose, who was one of the copartners and one of the incorporators, had withdrawn from the business, and whether the business concern is treated as a corporation, or as a copartnership, is not material. 20 R. C. L. 954, lays down the following rule:

"It is a fundamental principle that every change in the personnel of a firm works a dissolution, and that an existing partnership is terminated and a new partnership is formed whenever a partner retires, or a new one is admitted. A contract of partnership containing no stipulations as to time during which it shall continue in force does not endure for the life of the partners, or either of them or for a longer time than their mutual consent. Such a partnership may be dissolved by the agreement of the members, or by the act of any partner alone proceeding in accordance with his own will and pleasure and at a moment's notice."

So we find that there is no merit in appellants' contention in this particular. The record further discloses that during the progress of the trial, and at the time plaintiff offered in evidence the note in controversy, the defendants objected to its introduction because the taxes had not been paid thereon as provided in section 9608, Comp. St. 1921. When the objection was interposed, plaintiff asked permission of the court to withdraw the offer at that time and be given time and permitted to pay the taxes on said note as required by the section heretofore referred to, which request was granted by the court over the objections of the defendants. Plaintiff, having paid the taxes on the note, again offered it in evidence and it was admitted in evidence over the objections of the defendants, and appellants assign this proceeding as reversible error.

This question has recently been determined adversely to appellants' contention in the case of Jones v. First National Bank of Oktaha, 102 Okla. 185, 228 Pac. 992, wherein this court announced the following rule:

"The competency as evidence of a note

on which and by virtue of section 9608, Comp. Stat. 1921, tax must be paid, is determined by its condition and status at the time it is offered in evidence, and not at the time the suit was filed. Although the tax thereon was not paid and the note registered by the county treasurer until after the commencement of the trial at which it is offered in evidence, the same will not on said account be rejected as evidence under the provisions of section 9613, Comp. Stat. 1921."

Appellant assigns as error the action of the court in giving certain instructions and in refusing to give certain requested instructions on the issue involved as to whether or not the note was accommodation paper, but paragraph 4 of the court's instructions, as follows:

"You are further instructed if you find from the evidence that there was no consideration for said note and that same was accommodation paper, then in that event, the plaintiff should not recover. What I mean by accomodation paper is, that if these notes were made to the bank to show to the bank examiner when he came around and were without consideration, there would be no obligation, but if they were made in lieu of former notes, then it would be a binding obligation"

—clearly covers this question and is a fair application of the law to the facts, and we find no merit in this contention. This brings us to the contention of appellee on his cross-appeal, wherein he complains of the action of the court and of the verdict of the jury in finding that he was only entitled to recover $200 as attorney's fee, and calls attention to the fact that the note sued on and upon which judgment was rendered for its full face value, together with interest, specifically provides for an additional ten per cent. for attorney's fee, if the note be placed in the hands of an attorney for collection, and in support of this contention, cites the case of Continental Gin Company v. Sullivan, 48 Okla. 332, 150 Pac. 209, wherein the following rule is announced:

"Counsel also complains because the jury did not allow an attorney's fee of ten per cent. on the amount found due, as provided for in the notes. The contention, we think, is correct. And when the jury failed to allow this amount, it was the duty of the trial court to have done so. The amount was fixed and determined by the amount found due on the notes, which was $321.31, and the trial court having failed to allow this amount, this court is justified in doing so. And we think the judgment should be vacated, and the cause be remanded with directions to the trial court to enter judg-

ment for the amount of the verdict increased by $32.12, as attorney's fee."

This case is clearly in point, and we therefore recommend that the judgment should be reversed in this particular and affirmed in all other particulars, and the trial court is directed to render judgment in accord with this opinion for the sum of $500 as attorney's fee.

By the Court: It is so ordered.

Note.—See under (1) 14 C. J. p. 307, § 368; anno 29 L. R. A. (N. S.) 589; 15 A. L. R. 1112. (2) 22 C. J. p. 870, § 1029 (1926 Anno). (3) 38 Cyc. p. 1711: 14 R. C. L. 752; 3 R. C. L. Supp. 275; 4 R. C. L. Supp. 916, 5 R. C. L. Supp. 776. (4) 4 C. J. p. 1160, § 3171.