### SPENCER v. COLBERT et al.

No. 18897. Opinion Filed Feb. 12, 1929.

McKeown & Green, for plaintiff in error.
Holt & Gilbreath, for defendants in error.

TEEHEE, C. Plaintiff in error, E. L. Spencer, plaintiff below, brought suit against defendants in error, B. T. Colbert, J. E. Hurley, Mary Correll, and Bertha Burden, defendants below, to recover on their bond in garnishment given by them in another cause. A brief statement of the facts in that case will serve a convenient purpose in our consideration hereof.

Plaintiff brought that suit against certain defendants to recover a money judgment in the sum of $5,000, wherein certain third parties were garnishees. Upon the giving of the bond involved, the garnishees were ordered to pay such funds then in their hands to the defendants in that cause. The bond was for $11,500. Subsequent thereto, plaintiff recovered judgment in the amount sued for, namely, $5,000, with $200 as attorney's fee and costs. Defendants there superseded the judgment by bond in the sum of $13,000 with B. T. Colbert, one of the defendants here, and certain other parties as sureties, and appealed the cause to the Supreme Court, which judgment was modified in that the award for attorney's fee was increased to $500, and as thus modified, the same was affirmed. The report of the case appears as Cunningham v. Spencer, 111 Okla. 217, 239 Pac. 444. Upon affirmance, plaintiff moved for judgment in the appellate court on both the garnishment bond here sued on and the supersedeas bond. Upon consideration of the motion, this court denied judgment on the garnishment bond, but awarded judgment on the supersedeas bond for the amount recovered, a certified copy of which judgment accompanied the mandate to the trial court, where the same was, on September 29, 1925, duly entered and recorded as by the mandate directed.

On October 19, 1925, following the entry and mandate in the trial court, the instant action was filed. In the pleadings of the parties, the petition, answer and the reply, the details of the course of the cause out of which this action arose, as above outlined, were set out at length, plaintiff relying on the garnishment bond as the basis of his suit, and defendants among other things relying on the denial of judgment on the garnishment bond as being res judicata of the subject-matter of the suit. Upon successful motion by defendants for judgment on the pleadings based on the designated defense, plaintiff elected to stand on his petition, whereupon judgment of dismissal went for defendants, which action of the trial court plaintiff assigns as error.

Thus is presented the question of whether or not plaintiff, by the order of this court denying plaintiff's motion for judgment on the garnishment bond, treating it as a judg-

ment, is estopped to maintain an independent action on the bond. Defendants in support of the judgment appealed from, in their argument, proceed on the theory that the appellate court is possessed of jurisdiction to render judgment on a garnishment bond as in the case of a supersedeas bond. If they are correct in this premise, the judgment of the trial court must be sustained, otherwise the cause must stand for reversal.

It is of course elementary that, in order for a judgment to operate as an estoppel, it must have been rendered by a court in the exercise of its jurisdiction, otherwise the judgment is without force as res judicata. 2 Freeman on Judgments (5th Ed.) 1351-4, section 642, and cases there cited. By section 797, C. O. S. 1921, the appellate court has jurisdiction to enter judgment against the sureties on a supersedeas bond. Therefrom it does not appear that such jurisdiction is vested in the appellate court to pronounce like judgment against the sureties on a garnishment bond, for which reason it would appear to be undoubted that the order of denial of judgment thereon by the appellate court was of no force as a judgment for want of jurisdiction.

The fact that plaintiff undertook to invoke affirmative action on his motion in respect to the garnishment bond does not alter the situation, as no act on his part could in anywise add to the jurisdiction of the appellate court, nor now prevent him from asserting a want of jurisdiction in that proceeding in support of his present action. Mercier v. Chace, 91 Mass. (9 Allen) 242; Estate of Smith, 122 Cal. 462, 55 Pac. 249.

It therefore follows that the trial court erred in sustaining defendants' motion for judgment on the pleadings on the ground that appellate denial of judgment on the garnishment bond had the force and effect of res judicata of the matter involved in the cause in hand, by reason whereof the judgment of the trial court is reversed, and the cause remanded, with directions to vacate the judgment of dismissal and reinstate the cause, and for such further proceedings not inconsistent with this opinion.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Judgments," 34 C. J. §1183. p. 768, n. 7.