### SPENCER v. CORRELL et al.

No. 21433. Opinion Filed Dec. 13, 1932.

McKeown & Green, for plaintiff in error.

George Trice and Denver N. Davison, for defendants in error.

RILEY, J. This is an appeal from a judgment entered in the district court of Pontotoc county in favor of defendants in error, defendants below, in an action brought by plaintiff in error to cancel a deed to certain land, executed by defendant Mary Correll to defendant W. T. Chandler.

The action arose in connection with a bond given to discharge a garnishment in an action brought by plaintiff against Gus Cunningham et al., in 1922, which action was tried in the district court in 1923, resulting in a judgment for the plaintiff. The case was appealed to this court and affirmed in September, 1925, Cunningham et al. v. Spencer, 111 Okla. 217, 239 P. 444. The judgment therein obtained was not paid, whereupon Spencer brought suit on the bond theretofore given to discharge the garnishment. Defendant Mary Correll was one of the sureties on said bond. Judgment upon the pleadings was entered for defendants in the district court, whereupon Spencer appealed to this court, and the judgment was reversed in February, 1929. Spencer v. Colbert, 135 Okla. 111, 274 P. 646.

On March 28, 1929, and before the cause came on for trial again in the district court, plaintiff commenced this, a separate action, to cancel a deed made by defendant Mary Correll to defendant W. T. Chandler. The petition alleges that the judgment theretofore obtained against Cunningham et al. had not been paid, and had attached thereto as a part thereof a copy of the bond given to discharge the garnishment in form substantially as required by section 370, C. O. S. 1921 [O. S. 1931, sec. 631]. It then alleged, in substance, that, on March 14, 1929, defendant Mary Correll had executed to defendant W. T. Chandler a warranty deed conveying certain land in Pontotoc county, and the said deed was of record in the office of the county clerk; that the deed so executed was made without consideration and for the purpose of defrauding plaintiff and for the purpose of placing the record title out of said Mary Correll to prevent the judgment lien attaching thereto should plaintiff prevail in the action upon the bond, and that said deed was accepted by defendant Chandler with full understanding, notice, and knowledge that said conveyance was made to defeat and defraud plaintiff.

On March 2, 1929, E. L. Spencer, plaintiff herein, filed a petition in the district court against J. E. Hurley and Bertha Berden, two of the other sureties on the same bond, and against Mary Correll, in which he alleged that defendant Mary Correll was the owner of the land here involved, and that J. E. Hurley and Bertha Berden were the owners of certain other land, and that defendants in that action and each of them were attempting to dispose of their property and particularly the land described, and were procuring or suffering certain acts to be done which if permitted would render the judgment for plaintiff, sought in the action on the bond, ineffectual. On the same day he obtained a temporary restraining order restraining defendant Mary Correll from disposing of said property until the further order of the court and designating March 27, 1929, as the time for hearing "said temporary restraining order." The sheriff made his return purporting to show service of the order on the defendant Mary Correll March 4, 1929. A summons was issued on the same date returnable March 11, 1929, with the answer day fixed therein "on or before March 21, 1929." The return of the sheriff purported to show service thereof on Mary Correll March 4, 1929.

Defendant W. T. Chandler filed his answer in the instant case, consisting of a general denial, but admitting that he was the grantee in the deed. He further pleaded that he purchased the land in good faith for value, without notice, actual or constructive, of the claim of plaintiff; that the consideration actually paid by him was $5,000.

Defendant Mary Correll filed her separate answer, consisting of a general denial, and specifically denying that she had ever been served with a copy of the restraining order purporting to have been issued on March 2, 1929. She further alleged that long before any judgment was rendered against her on the bond given in the garnishment proceedings she had sold the land in controversy to defendant Chandler in due course for value and without notice of any right, title, claim, equity, or estate owned or claimed by plaintiff therein; that at the time she sold same, she was the owner thereof, free from any lien, claim, or incumbrance of plaintiff, or any other person; that she was in possession thereof occupying the same as a homestead.

The cause was tried to the court, resulting in general findings in favor of defendant W. T. Chandler, and that defendant Mary Correll had no interest in the property. Judgment was rendered accordingly, denying plaintiff any relief and quieting title to the land in defendant W. T. Chandler. From this judgment plaintiff appeals.

It is first contended that by reason of the proceedings had in the action brought to enjoin Mary Correll from disposing of her property, which action, for convenience, will be referred to herein as cause No. 9794, the provisions of the lis pendens statute, section 260, C. O. S. 1921 [O. S. 1931, sec. 193] were invoked, so as, in effect, to place the land in a status as though an attachment had been levied thereon so as to impress the same with a sort of a lien, and thus prevent the defendant W. T. Chandler from purchasing same free from the right of plaintiff to subject the land to the payment of the judgment which plaintiff then sought, and which he did obtain on April 2, 1929, some 19 days after the execution and delivery of the deed sought to be canceled.

It is doubtless the rule in this state that a creditor, before judgment, may restrain his debtor from disposing of his property where it is made to appear that such debtor threatens to, or is about to dispose of his property with the intent to defraud his creditors or render the judgment ineffectual, and that the right to enjoin the fraudulent disposition of property under section 405, C. O. S. 1921, is not limited to property which is the subject of the action. It was so held in First Nat. Bank of Anadarko v. Mills, 134 Okla. 186, 272 P. 840. In that case a valid temporary injunction was issued in the cause wherein judgment was sought. Here a separate action was brought seeking the injunction. No temporary injunction was obtained. At the trial of the in-

stant case it was admitted in open court that the copy of the order purporting to be a temporary restraining order was never signed by the judge, and that the purported signature of the judge on the copy purporting to have been served, was written by counsel for plaintiff and not by the district judge. The copy purporting to have been served was not certified by the clerk. Furthermore, the defendant in cause No. 9794, by special appearance for that purpose only, moved the court to quash the summons and the pretended service thereof upon the ground that no service of any kind was made upon her notwithstanding the return of the sheriff showing personal service. The motion was sustained. The service and summons were quashed. The service of the so-called temporary restraining order was likewise quashed upon the same grounds. It does not appear that any further attempt was made to obtain service or to procure another restraining order or temporary injunction as to defendant Mary Correll.

Section 260, C. O. S. 1921 [O. S. 1931, sec. 193] upon which plaintiff relies, provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within 60 days after the filing of the petition."

If injunction proceedings of the nature under consideration be construed to extend lis pendens to property other than that upon which plaintiff has or claims a lien, it is clear that the notice of the pendency of the action was of no avail to plaintiff as against defendant Chandler under the plain provisions of the statute, for no service of summons was had and no first publication was made within 60 days after the petition was filed.

If an action or suit is abandoned, the lis pendens is terminated and the person acquiring interest before abandonment does not acquire his rights pendente lite so as to be affected thereby. 38 C. J. 40. McIntosh v. Reason, 69 Okla. 314, 172 P. 446.

It is contended, however, that the action was not abandoned, since other defendants appeared and filed their answer, and the action, it is said, is still pending as against them, but the case must be treated as abandoned as against the defendant Mary Correll, and it cannot be said plaintiff acquired any kind of a lien on the property by reason of the action brought March 2, 1929, known as cause No. 9794.

This leaves the action as an ordinary action brought by one claiming to be a creditor to set aside a deed claimed to have been executed in fraud of the rights of the creditor. At the time this action was commenced, plaintiff, under the general rule, was not entitled to maintain the action for the reason that he had not, at that time, obtained *judgment against defendant Mary Correll* on the bond. The rule is stated in 27 C. J. 723, as follows:

"It has been uniformly held, subject to a few exceptions, that, in the absence of statute expressly or impliedly providing otherwise, the creditor must acquire a specific lien upon the property which constitutes the subject-matter of the alleged fraudulent conveyance in order that he may ask a court of equity to set it aside; and this lien must exist at the time of the filing of the bill or at least before issue joined."

However, he did obtain the judgment on April 2, 1929, and before issue was joined in this action, and by amended petition filed April 10, 1929, he pleaded the judgment thus obtained. It has been held that such an amendment may be made. *Fleischner v. Bank* (Ore.) 60 P. 603.

Plaintiff, as one of the alleged acts of fraud, pleaded that the deed from Mary Correll to Chandler was without consideration. He wholly failed to prove this allegation. The record shows the consideration was $5,000, and there is no evidence tending to show that this was not a fair consideration, or that the land was worth more than that amount.

It was further alleged that the real estate involved was all the property owned by defendant Mary Correll, and that "if the conveyance is permitted to stand, defendant Mary Correll will be rendered insolvent and plaintiff will be unable to realize upon his judgment obtained April 2, 1929." There is evidence tending strongly to substantiate the allegations as to this being all the property owned by defendant Mary Correll except that the evidence shows some town property owned by her and upon which she lived (probably exempt as a homestead).

It is earnestly contended that defendant W. T. Chandler had notice that Mary Correll was seeking to refraud plaintiff by reason of the proceedings had in cause No. 9794, wherein the injunction was sought. We are of the opinion that the record does not show notice to Chandler at the time he obtained the deed. He had not at that time been made a party to any of the proceedings. He had not been served with notice of any kind. The record shows that up to that time he did not know the defendant Mary

Correll and had never met her. On March 14, 1929, the day the deed was executed, Chandler paid $1,000 of the purchase price. The fact that an action is pending against a debtor when he conveyed property is not of itself sufficient to put the purchaser on inquiry or show that he knew of grantor's fraudulent intent. 27 C. J. 517. Defendant Chandler is clearly entitled to protection to the extent of the $1,000 thus paid. But the record does disclose that Chandler had notice and knowledge of plaintiff's claim of fraudulent intent on the part of Mary Correll at the time he claims to have paid the remaining $4,000, which was on April 9, 1929. At that time this action had been commenced and defendant Chandler had been served with summons. However innocent of knowledge of Mary Correll's intent to defraud plaintiff, Chandler may have been prior to the service of summons upon him in this action, thereafter he was, in law, chargeable with such knowledge. Therefore, he was bound to make no further payments to his grantor. A grantee who, before full payment, receives knowledge that the transfer was fraudulent on the part of his grantor, makes further payment at his peril. *Fluegel v. Henschell*, 7 N. D. 276; *Tillman v. Heller*, 78 Tex. 597; *Hedrick v. Strauss* (Neb.) 60 N. W. 928; *Bush v. Collins*, 35 Kan. 535, 11 P. 425; *Dixon v. Hill*, 5 Mich. 408.

In *McFadyen & Brown v. Masters, Sheriff*, 11 Okla. 16, 66 P. 284, a number of the above cases were cited and the rule stated was followed. Therein this court quotes with approval from *Dixon v. Hill*, *supra*, the following:

"In equity, a purchaser is protected to the extent of the payments actually made (without notice of any fraud) and no further, even where future payments are provided for, unless those are secured in such a manner that the purchaser cannot be relieved against them."

Such is not the case here. Chandler gave no note, negotiable or otherwise. The record shows that the deed was delivered on his oral promise to pay the balance of the purchase price. The deed was delivered to him upon the payment of the $1,000, on March 14, 1929, with the oral agreement that the balance of the purchase price would be paid when the abstract was furnished showing good title. Under the well-recognized rule, defendant Chandler is not entitled to protection in the payment of this $4,000.

It is unnecessary to consider plaintiff's motion for a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence goes only to the

question of the payment of the $4,000, which we hold was made, if at all, by Chandler at his peril.

The judgment is reversed, and the cause is remanded, with directions to enter judgment for plaintiff, protecting defendant Chandler, however, in the sum of $1.000, paid on March 14, 1929.

CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., concurs in conclusion. LESTER, C. J., and HEFNER, J., absent.