### CHANDLER v. McKEEL, Judge, et al.

No. 24796.   Nov. 28, 1933.

J. W. Bolen, for plaintiff.

McKeown & Green, for defendants.

ANDREWS, J. This is an original proceeding in this court wherein W. T. Chandler filed a petition seeking a writ of prohibition to be directed to the district court of Pontotoc county and to J. F. McKeel, district judge thereof, and to E. L. Spencer, commanding them to refrain from further proceedings in cause numbered 12232 in the district court of Pontotoc county, wherein E. L. Spencer is the plaintiff and W. T. Chandler the defendant.

It is shown by the record that E. L. Spencer filed a suit in the district court of Pontotoc county, numbered 9848, against Mary Correll and W. T. Chandler, the petitioner herein, to cancel and set aside a deed executed by Mary Correll to W. T. Chandler, on the ground that the deed was made to defraud E. L. Spencer, who was a judgment creditor of Mary Correll, and on the further ground of want of consideration. The case was tried and judgment was rendered against the plaintiff, Spencer, and in favor of the defendants, Mary Correll and W. T. Chandler. Spencer appealed from that judgment to this court, and the judgment of the lower court was reversed, with directions to render a judgment in favor of W. T. Chandler in the sum of $1,000, the amount which he had paid prior to any notice that the title was defective. It was directed that no judgment be entered for any sum paid after notice of the suit to set aside the deed. The $1,000 judgment in favor of W. T. Chandler was made a lien on the property described in the deed. The mandate of this court was issued to the lower court and spread of record. Spencer v. Correll et al., 161 Okla. 19, 16 P. (2d) 1084. On April 19, 1933, in cause numbered 12232, supra, A. L. Spencer filed a petition in the district court of Pontotoc county to set aside the judgment rendered in the district court on mandate from this court, in so far as it gave judgment to Chandler and fixed a first lien upon the property involved in the sum of $1,000 in favor of W. T. Chandler.

W. T. Chandler, the petitioner herein, alleges that he filed a general demurrer to

the petition, but that the same was overruled by the court, and that an execution, which had been issued out of the district court of Pontotoc county for the purpose of enforcing the petitioner's lien against the land, had been recalled by the district court of Pontotoc county, J. F. McKeel, judge.

The petitioner alleges that all issues pertaining to the payment of the $1,000 by him in consideration for the land were before the court in the former suit and fully settled by this court, and that the district court of Pontotoc county has no jurisdiction to further hear the petition. He prays for a writ of prohibition from this court staying any further proceedings in said cause numbered 12232 now pending in the district court of Pontotoc county.

In the petition filed by E. L. Spencer, in which he asked the court to set aside a part of the judgment of this court, he alleged that he had reliable information that W. T. Chandler did not pay out of his funds the $1,000 to Mary Correll as a consideration for the deed involved in the former suit, and that he obtained that information since the mandate was issued in the former suit. That fact is immaterial and establishes no ground for setting aside the order of this court and the judgment of the trial court based upon the mandate of this court. This court has held that the petitioner, W. T. Chandler, paid $1,000 on the purchase price of the land without notice and that he was entitled to a judgment for $1,000 and a lien against the land in controversy. The mandate of this court required the district court to do nothing except "to enter judgment for plaintiff, protecting defendant Chandler, however, in the sum of $1,000 paid on March 14, 1929," and the finding of this court is not subject to review of the district court on the ground of newly discovered evidence. Gilliland v. Bilby et al., 53 Okla. 309, 156 P. 299.

In Day et al. v. Ward et al., 137 Okla. 62, 277 P. 935, this court held:

"In an equitable action, where this court reverses the judgment of the court below and directs the character of judgment to be entered by that court, and that court thereafter enters judgment in accordance with the mandate and direction of this court, said judgment cannot be set aside upon the grounds of newly discovered evidence.

" 'Prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it'."

See, also, Kincannon et al. v. Pugh, 114 Okla. 90, 243 P. 945.

For the reasons stated, it is ordered that the writ issue prohibiting the district court of Pontotoc county from proceeding further in cause numbered 12232 in that court other than to enforce the judgment as rendered.

CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., absent.