S. & J. SUPPLY CO. v. WARREN.

No. 30547. Jan. 5, 1943.

*133 P. 2d 201.*

Beets, Zeman & Beets, of Oklahoma City, for plaintiff in error.

Ames, Monnet, Hayes & Brown, of Oklahoma City, for defendant in error.

PER CURIAM. On the 10th day of July, 1940, the plaintiff filed his petition and attached thereto an itemized verified account for goods, wares, and merchandise sold to the S. & J. Supply Company. The defendant, the S. & J. Supply Company, a corporation, denies that it had received the goods, wares, and merchandise. Judgment was ren-

dered for the plaintiff for the amount sued for, and defendant appeals.

Defendant alleged, and its sole contention here is, that, at the time the goods, wares, and merchandise were sold and delivered, the S. & J. Supply Company was an unorganized entity and a subsidiary of the Neon Corporation; that so far as defendant knows, it still exists, and that plaintiff has brought his action against the wrong defendant. Defendant cites in support of this contention Ezzard v. State National Bank, 57 Okla. 371, 157 P. 127; Union Coal Co. v. Wooley, 54 Okla. 391, 154 P. 62, and Burkholder v. Okmulgee Coal Co., 82 Okla. 80, 196 P. 679, and argues that defendant was not incorporated until July 6, 1939, and that there is no evidence that it assumed or agreed to assume the obligations of the S. & J. Supply Company.

With this contention we cannot agree. Plaintiff began selling to the S. & J. Supply Company on the 9th day of June, 1939, and the last purchase order signed by the S. & J. Supply Company was on July 11, 1939, by A. M. Strange, president of the defendant company. It is not clear from the testimony whether A. M. Strange denies that he received the merchandise shipped on the order of July 11, 1939, as manager of the S. & J. Supply Company, the unincorporated organization, or the defendant. The plaintiff assumes that the order of July 11, 1939, was ordered by the defendant company and received by it. The only statement that the S. & J. Supply Company was a subsidiary of the Neon Corporation is that of Strange, the president of the unincorporated S. & J. Supply Company and also the president and general manager of the defendant S. & J. Supply Company, incorporated July 6, 1939. He admitted that he took over the property of the unorganized S. & J. Supply Company. He admitted that he signed the purchase order for the goods, wares, and merchandise sold and delivered before July 11th, and on the July 11, 1939, purchase order.

A corporation organized to take over the business of a partnership or of an individual may assume the liabilities of the partnership or the individual and thereupon become liable to the partnership creditors. The assumption may, according to some authorities, be either express or implied. It may be implied from the circumstances. 13 Am. Jur. Corporations, § 1249; Lamkin v. Baldwin & Lamkin Mfg. Co., 72 Conn. 57, 43 Atl. 593, 1042, 44 L. R. A. 786; Ziemer v. C. G. Bretting Mfg. Co., 147 Wis. 252, 133 P. 139; Ann. Cas. 1912D, 1275. This court, in Skirvin Operating Co. v. Southwestern Electric Co., 71 Okla. 25, 174 P. 1069, said:

"A long line of decisions may be found wherein it is held that when a corporation is merged into or absorbed by another, which continues its business, and where there is no substantial change of ownership, nor in the kind of business carried on, then the new corporation is but the successor of the former concern, and is liable as such for its debts."

See, also, McCarthy v. Liberty National Bank, 73 Okla. 275, 175 P. 940; Cunningham v. Spencer, 111 Okla. 217, 239 P. 444; Burkholder v. Okmulgee Coal Co., supra. We are of the opinion that the case comes within the rule of a continuing corporation taking the place of, and the assets of, the former unincorporated entity. There is no denial that A. M. Strange, president of the S. & J. Supply Company, ordered and received all the goods, wares and merchandise as manager of the particular organization at the time the purchases were made. There is no denial that the account has not been paid.

We hold that the court reached the correct conclusion, and the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.