**JACOBSON–LAMPKIN PAVING CO., Inc., a corporation, Jacobson's Lifetime Buildings, Inc., a corporation, and Kay Construction Company, a corporation, Plaintiffs in Error,**

v.

**Jack W. McMICHAEL and J. D. McMichael, a co-partnership d/b/a McMichael Concrete Company, Defendants in Error.**

No. 36104.

Supreme Court of Oklahoma.

Oct. 5, 1954.

Rehearing Denied Dec. 7, 1954.

Covington & Donovan, Tulsa, for plaintiffs in error.

Hughey Baker, Joe Francis, Tulsa, for defendants in error.

DAVISON, Justice.

This is an action brought by Jack W. McMichael and J. D. McMichael, partners doing business under the firm name of McMichael Concrete Company against Jacobson-Lampkin Paving Company, Inc., a corporation, Jacobson's Lifetime Buildings, Inc., a corporation, and Kay Construction Company, a corporation, to recover a balance due for material alleged to have been sold and delivered to defendant Jacobson-Lampkin Paving Company. It is sought to hold the other defendants liable on the theory that under an agreement entered into between Jacobson's Lifetime Buildings, Inc., and Jacobson-Lampkin Paving Company the entire assets of the paving company were to be transferred to the Kay Construction Company and that the building company and Kay Construction Company agreed to assume and pay all the debts and liabilities of the paving company.

Jacobson-Lampkin Company in its separate answer denies that it is indebted to plaintiffs in any amount and denies that the material in question was contracted for or purchased by it from plaintiff and affirmatively pleads that such materials were purchased by Kay Construction Company and that it alone is liable therefor.

The Jacobson's Lifetime Buildings, Inc., in its answer pleads substantially the same defense. The defendant Kay Construction Company did not answer but defaulted.

A jury was waived by all parties and the case was tried to the court resulting in a judgment in favor of plaintiffs against defendant Jacobson-Lampkin Paving Company and discharging all other defendants. Defendant paving company appeals and relies for reversal on the ground that there is no evidence to support the judgment as against it.

The record discloses that the Jacobson-Lampkin Paving Company was organized about one year prior to the time suit was brought and is engaged in the paving business. Its main activities were confined to

paving streets in certain tracts lying close to the City of Tulsa. One of these tracts is known as Ranch Acres, the other as the Walter Foster Tract. The stockholders and board of directors of the paving company consists of I. A. Jacobson, Ben Lampkin and A. M. Covington. The Jacobson's Lifetime Buildings, Inc., is a corporation organized for the purpose of and is now engaged in the building and construction business. Its main activities at the present are confined to the building of residences in the acreage above described and known as Ranch Acres. The stockholders and the board of directors of this company consist of I. A. Jacobson, Russell N. Jacobson and the attorney for the corporation. The defendant Kay Construction Company was organized on the 11th day of July, 1951, but did not obtain its charter until the 18th day of July, 1951. Its stockholders and board of directors consist of Ben Lampkin, Clarence Northcutt and Lee Drake. Ben Lampkin was the promoter of this corporation. He contacted the above named persons and they all agreed to form the corporation and to purchase the assets of the Jacobson-Lampkin Paving Company, and entered into an agreement to do so. The agreement was approved at a meeting of the stockholders and board of directors on July 11, 1951, and on July 12, 1951, Jacobson-Lampkin Paving Company by bill of sale conveyed all of the physical assets of that corporation to the Kay Construction Company. The Kay Construction Company as part consideration for the purchase of these assets agreed to take over and complete the paving contracts then held by Jacobson-Lampkin Paving Company to pave the streets in the areas above mentioned. In addition thereto they executed promissory notes and a chattel mortgage was executed against the assets transferred to secure payment of the balance of the purchase price. The amount of the notes is not stated in the record nor is the consideration agreed to be paid by the Kay Construction Company for the purchase of these assets shown by the record.

The property covered by the mortgage above referred to was sold at foreclosure sale on July 12, 1952. The record does not show who the purchaser was at that sale nor the price for which the property was sold.

The only evidence offered by plaintiffs to establish their case consists of the evidence of Mrs. Martha Giles. She testified in substance: She was bookkeeper and credit manager for plaintiffs. She has charge of the accounts receivable. The books of the company show that the paving company opened an account with plaintiffs sometime in July 1951 (the exhibit introduced in evidence shows the exact date to be July 12, 1951). She did not know by whom the account was opened or who contracted for the purchase of the material; whether the material in question was ordered by letter or by personal contact at the office or by telephone. The entry in the books shows that the account was opened by the paving company. The books were made up from signed delivery tickets returned to the office. The tickets showed that the various materials appearing in the invoice which were delivered under these tickets were charged to the paving company. She did not make up the delivery tickets. She did not take the orders for the material but they were taken by some other employee of the office and she did not know by what authority the materials contained in the delivery tickets were charged to the paving company. She further testified that prior to July 12, 1951, the paving company had carried no account with plaintiffs and had transacted no business with them.

W. C. McKnight testified that prior to July 12, 1951, he was an employee of the paving company as its manager; that he was thereafter employed by the Kay Construction Company and is now manager of that company. On the evening of July 11, 1951, Mr. Lampkin called him by telephone and advised him that the Kay Construction Company had taken over the assets of the paving company and that he was now working for that company. On the morning of July 12, under directions from Mr. Lampkin he called the office of plaintiffs by telephone and told the person with whom he was talking that he was working for the Kay Construction Company; that the

company was in need of some concrete. He then ordered certain amounts of concrete to be delivered to the Kay Construction Company and directed that the Kay Construction Company be billed for the concrete. The concrete was to be delivered to 36th and Sandusky Streets and was to be used in paving the streets in the Ranch Acres Tract. He further testified that the paving company had never transacted any business with plaintiffs; had ordered no material from them; that it had been buying all its materials from Field Brothers.

I. A. Jacobson, president of the paving company, likewise so testified and further testified that immediately after the assets of the paving company were transferred to the Kay Construction Company he notified all persons with whom the company had been dealing of this transfer and advised them to charge no further materials for use in paving the streets in these areas to the paving company. He further testified that after he ascertained that plaintiffs had been charging certain items to the paving company he wrote a letter to the plaintiffs bearing date of August 18, 1951, advising them that on July 12, 1951, the Kay Construction Company purchased all the assets of the paving company, and requested plaintiffs to mail all invoices for materials delivered for use in connection with the Ranch Acres project to the Kay Construction Company.

The record shows that after having received this letter plaintiffs changed the entry in the books to show that all materials delivered and sold subsequent to July 17, 1951, were charged to Kay Construction Company and the paving company. A bill was thereafter presented to Kay Construction Company showing the balance of the amount due up to date and payment was demanded. The Kay Construction Company was not then able to pay the bill and asked for an extension of time. The extension was granted but at the end of that time a new bill was presented to that company and it still was unable to pay. There was then due and owing plaintiffs the sum of $1,852.22, for material delivered to Ranch Acres. The evidence further shows

that the attorney for plaintiffs then wrote a letter to Kay Construction Company advising it that unless the bill was paid immediately a materialmen's lien would be filed to secure the payment of the account.

The building company was interested in developing the Ranch Acres project. It had constructed a number of dwelling houses on that area. It was advised that plaintiffs were about to file a lien against the land lying within that area to secure the payment of the bill. I. A. Jacobson, president of the company, then called plaintiffs by telephone and told them that if they would agree not to file the lien for a period of 30 days and the Kay Construction Company failed to pay the bill in that time the building company would pay the bill. He then further told plaintiffs that the building company could not afford to have a materialmen's lien filed against the land in that area and he thereafter wrote a letter as president of the building company confirming the conversation over the telephone and in writing agreed to pay the bill in the event the Kay Construction Company failed to do so. Plaintiffs however did not agree to wait 30 days to file the lien but filed it immediately. The building company then paid the bill and account in full as it agreed to do and the lien was discharged.

The only issue here involved is as to whether defendant paving company is liable for the material delivered by plaintiffs between July 12 and July 17, 1951. We do not think the evidence is sufficient to establish liability against this company. The burden of proof was certainly upon plaintiffs to show that the paving company had in some manner contracted with them for the purchase of the material in question before it would be entitled to judgment against it. In our opinion plaintiffs have failed to establish that any such contract had ever been entered into between the paving company and plaintiffs.

Plaintiffs rely solely upon the signed delivery tickets above mentioned to establish their case against the paving company. Some of these tickets were signed by W. C. McKnight, others by G. I. Deramus.

Under the undisputed evidence these men were then in the employ of the Kay Construction Company. McKnight testified that he ordered material but directed that it be charged to the Kay Construction Company and that when he discovered that the delivery tickets showed the material was sold to the paving company he called the error to the attention of the driver of the delivery truck and told the driver it should have been charged to the Kay Construction Company. The driver promised to take the matter up with plaintiffs when he returned to the office. This evidence is undisputed. Neither the employee of plaintiffs who took the orders from Mr. McKnight nor the driver of the truck who delivered the material testified as witnesses in the case. These witnesses were material witnesses for plaintiffs and were the only witnesses who could have established plaintiffs' case. They failed to produce these witnesses. No excuse is offered for such failure. We may therefore indulge in the presumption that had they testified in the case their testimony would have been adverse to plaintiffs.

It is contended by plaintiffs that the paving company and the construction company are owned by the same persons and constitute one and the same company and that one of these corporations ordered the concrete in question from plaintiffs upon which there is due the sum of $522 and both companies are liable therefor and seek to invoke the following principle:

"Where two corporations are owned by the same parties and the assets of one corporation are sold to the other both corporations are liable for the debts of the first corporation."

Plaintiffs are in error in asserting that the paving company and Kay Construction Company are owned by the same persons. I. A. Jacobson, one of the principal stockholders in the paving company owns no stock or has no interest whatever in Kay Construction Company nor does A. M. Covington own any stock in that company. Ben Lampkin who was one of the main stockholders in the paving company was responsible for the organization of Kay Construction Company and is the main stockholder in that company but no other stockholder of the Kay Construction Company owns any stock in that company. The evidence shows immediately after the sale of the assets of the paving company to the Kay Construction Company, Ben Lampkin resigned as a member of the board of directors of the paving company and sold his stock in that company to a man by the name of Evans and no longer has any interest whatever in the paving company. The name of the paving company was then changed to Jacobson Paving Company. We think it quite clear from the evidence that these two corporations are separate and distinct corporations. The contention that they are one and the same corporation cannot be sustained.

The principle of law relied upon by plaintiffs is well established, Oklahoma Title Co. v. Burrus, 172 Okl. 94, 44 P.2d 852; S. & J. Supply Co. v. Warren, 191 Okl. 683, 133 P.2d 201, but is not applicable under the evidence in this case.

The evidence is undisputed that the paving company had never transacted any business with plaintiffs and was not indebted to them at the time the assets of the paving company were transferred to the Kay Construction Company nor does the evidence show that it was then indebted to any other person. Since plaintiffs were not creditors of the paving company at the time the Kay Construction Company acquired its assets they could in no manner have been defrauded thereby and may not therefore complain. First State Bank of Mangum v. Lock, 113 Okl. 30, 237 P. 606.

The issue here involved is not as to whether either or both of the corporations above named might have been held liable for debts existing against the paving company at the time it transferred its assets to the Kay Construction Company since under the evidence no such debts then existed. The real issue here involved is as to whether the paving company is liable for material sold and delivered subsequent to the time the Kay Construction Company acquired such assets. As above pointed out plaintiffs failed to offer any evidence tending to establish that the paving company

contracted for or ordered any of the material in question but on the contrary the undisputed evidence shows that such material was ordered on behalf of the Kay Construction Company. Plaintiffs were not therefore entitled to a judgment against the paving company.

What is above said disposes of all other questions discussed by plaintiffs.

Judgment reversed for a new trial.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.